TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-cr-00403-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing: November 19, 2021  1:30pm |
| FRANK RODRIGUEZ, | |
| Defendant. | |

The government concurs in the findings of the Presentence Report, which results in a guideline range of 12 to 18 months in prison, and recommends the lightest sentence consistent with that range: one year and one day in prison.

For at least three years, defendant engaged in a scheme to underpay his taxes. He deposited about half the checks he received as a contractor into his business bank account, disclosing them to his tax preparer and the government. But with the other half, he drove ten miles out of his way to a check cashing store where he knew the owner, and negotiated them for cash. Defendant hid from

his tax preparer and the government over $700,000 in these checks, reducing his tax liability by over $200,000. (PSR ¶¶ 10-11).

There are grounds for leniency. Defendant has almost no criminal history, waived indictment, and pled guilty.

But our tax system depends on voluntary compliance. Less than 1% of tax returns are audited. And here, defendant devised a fraud that would leave no paper trail, so no ordinary audit could uncover it. Defendant's bank records matched perfectly his fraudulent tax returns; only if the government identified the check cashing store through which he hid half his revenue could the fraud be detected. Accordingly, there must be a very substantial penalty to outweigh defendant's fraudulent gain.

Moreover, one of the most important aspects of sentencing is general deterrence. Nowhere is that more important than in tax evasion cases, as most citizens have both the means and the motive to evade taxes, and the government could not possibly investigate more than a tiny fraction of them. While many citizens take pride in paying their fair share, others view the low audit rate as an opportunity for fraud. Only the prospect of prison can deter these cheaters, as monetary penalties are inadequate in cases like this one. (For example, assuming for the sake of argument that there was a 1% chance of detecting defendant's scheme—which is far too high as that exceeds the audit rate—the monetary penalty for defendant's fraud would have to be at least $20 million to outweigh his gain from his fraud multiplied by the chance of detection).

Sentencing in this case has been repeatedly postponed, ostensibly because defendant wished to be sentenced after satisfying his tax debt. In fact, as of the writing of this brief, defendant

2

has paid nothing towards his acknowledged tax debt for 2015-17, only a de minimis payment towards his 2020 taxes.  This failure to pay what he owes is all the more stark because the Probation Office found he had the means to pay his full debt within 180 days (Probation Letter Recommended Sentence page 1) based on his net worth of almost $500,000.  (PSR ¶ 60).

   Defendant's multi-year fraud and efforts to cover his tracks by hiding his revenues through the selective use of a check cashing store more than justify the year-and-a-day, low-end sentence recommended by the government.  If the Court follows the government's lenient sentencing recommendation, it is likely that defendant would only serve about four months in prison.  Under the First Step Act, inmates can now receive almost two months of good-time credit per year, reducing a nominal year-and-a-day sentence to just over 10 months.  Further, it is common now for the Bureau of Prisons to transfer inmates to a residential re-entry center or home detention for the final six months of their sentence.

Dated: October 13, 2021          Respectfully submitted,

                                 TRACY L. WILKISON
                                 Acting United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 *Andrew Brown*
                                 _____
                                 ANDREW BROWN
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA